## OSCAR W. JOHNSON v. ROY WISETH.[1]

May 1, 1936.

No. 30,826.

[1]Reported in 266 N. W. 852.

*Theodore Quale,* for appellant.
*H. O. Chommie,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action by Oscar Johnson in replevin for 250 bushels of sweet clover seed against Roy Wiseth, defendant. The facts in this case are somewhat similar to those in the case of Wiseth v. Goodridge Farmers E. & M. Co. 197 Minn. 261, 266 N. W. 850.

In 1931 defendant, Wiseth, without a contract of any kind, went upon certain land belonging to one Beatrice Kirk and seeded a crop of grain and some sweet clover seed. In harvesting the sweet clover crop in 1932 a considerable quantity of seed was shattered or shelled. Two years later, in 1934, the seed that shelled in 1932 became a seed crop ready for harvesting.

Early in 1934 the plaintiff, Johnson, applied to one Braggans, county attorney of Marshall county, Minnesota, to rent this land. On March 29 Braggans wrote plaintiff that he had been unable to locate the owner, but "subject to the owner having rented it to someone else I am willing to rent it to you for the year 1934." On May 29 Braggans wrote plaintiff as follows: "I understand that Mr. Wiseth has a crop of sweet clover on this land, hence, I cannot rent it to you."

Plaintiff went upon the land in the spring of 1934 after receiving Braggans' letter of March 29 and plowed and seeded a portion of it; cut some wild grass and a portion of the sweet clover for hay. On August 20 he went upon the land and in a little more than two days harvested the sweet clover and shocked it. It remained in shocks on the land until September 4, when plaintiff found the defendant threshing it.

It appears that on August 30, 1934, defendant had secured a contract from the owner, Beatrice Kirk, covering "all hay and seed crops during the year of 1934."

At the trial the court excluded all evidence of plaintiff's negotiations with Braggans, the county attorney, which are set out above. At the close of plaintiff's case the court directed a verdict for defendant. This is an appeal from an order denying plaintiff's motion for a new trial.

Only one question need be considered: Did the trial court err in excluding evidence of plaintiff's negotiations with the county attorney?

We hold that the exclusion of this evidence was not error for its admission could not affect the rights of either party, and the trial court would nevertheless have had to direct a verdict for defendant. The excluded correspondence could show no right or title in plaintiff to the sweet clover crop. There was no attachment of rents because of delinquent taxes on this land so Braggans was not acting in an official capacity in dealing with plaintiff; nor did he purport to act as agent of the owner. As shown by his letter of March 29 to plaintiff and by his testimony at the trial, he rented the land subject to the rights of the owner, intending to contact the owner for ratification. In fact, when Braggans, in May, discovered that Wiseth had a crop on the land he wrote plaintiff that he could not rent it to him. It is immaterial whether or not plaintiff and Braggans ever did reach an agreement as to the rental, for the owner never ratified any act by Braggans with reference to the rental of this land. On the contrary, several months later, she made a contract with defendant covering all crops on the land.

This is not a case involving the determination of the rights of two trespassers. It is true that defendant originally was a trespasser. Likewise, it is true that as plaintiff could derive no right or title from Braggans he cannot claim to be more than a trespasser. He is not as one who takes under a void deed from the owner and thereby becomes a tenant at will. One can become a tenant at will only by permission from the owner or one acting for the owner. Wiedemann v. Brown, 190 Minn. 33, 250 N. W. 724. It is therefore not necessary to determine plaintiff's rights against defendant prior to defendant's agreement with the owner, nor is it necessary to determine defendant's rights as against the true owner. Plaintiff,

having acquired no rights with respect to the sweet clover against the owner, has no rights against defendant, who is now acting under authority of a contract with the owner, which obviously covers the sweet clover crop on the land.

The order is affirmed.

[1]Reported in 266 N. W. 739.